UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL BOETTCHER,

   Plaintiff,

 v.             Case No. 08-C-439

METROPOLITAN LIFE INSURANCE CO.,

   Defendant.

**ORDER**

  The parties have filed a stipulation asking that the affidavit (and attachments) of Cindy Broadwater be sealed in order to protect Plaintiff's privacy. The affidavit and its attachments comprise the record that this Court reviewed in order to determine whether Metropolitan's decision to terminate Plaintiff's disability benefits under his employer's ERISA-governed benefits plan was arbitrary or capricious. The Court's decision affirming Metropolitan's termination of benefits and its judgment dismissing the case was entered on February 9, 2009.

  One can understand the desire to keep one's medical condition confidential. Yet, by placing his medical condition at issue in a civil lawsuit, Plaintiff has waived his right to keep his condition confidential. *See* Wis. Stat. § 905.04(4)(c). Moreover, the long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). This has important implications for the understandable desire of parties to maintain confidentiality over their dispute:

> What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.

*Id.; see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006)("What happens in the federal courts is presumptively open to public scrutiny.").

In this case, the affidavit and attachments the parties have agreed to seal set forth the factual basis for the Court's decision. They include both Metropolitan's claim file and the plan documents under which the claim was made. To seal them in their entirety would deprive the public of the ability to assess the reasonableness of the Court's decision. While it is doubtful that anyone but the parties would have any interest in the Court's determination of Plaintiff's claim, the fact that the record on which the decision was made is open to the public is one reason why the public can have confidence in the judicial process. A court is not likely to misrepresent the record if it is open for anyone who is interested to examine. The parties have provided no compelling justification to overcome the presumption of openness that attends such proceedings.

This is not to say that all of the information contained in the records must be public. Fed. R. Civ. P. 5.2, adopted in compliance with section 205(c)(3) of the E-Government Act of 2002, Pub. L. 107-347, requires redactions of personal information, including portions of birth dates, social security numbers, minor's names, and financial accounts, from electronic filings. Apart from that, however, a generic appeal to privacy does not justify sealing the entire administrative record. Review of these records in this case reveals that much of the confidential information has already been redacted but that some personal information (e.g., date of birth) remains in various records.

2

Accordingly, for the time being I will order the records sealed. Metropolitan is directed to file a redacted version for the public record within thirty days. Absent a showing of a compelling justification for sealing of the entire record, the joint stipulation to maintain the filing under seal cannot be approved.

Accordingly, the Clerk is directed to place the Attachments to the Affidavit of Cindy Broadwater (Doc. # 17) under seal. Metropolitan is to efile a redacted copy pursuant to Fed. R. Civ. P. 5.2 within thirty days.

**SO ORDERED** this 25th day of February, 2009.

/s William C. Griesbach
William C. Griesbach
United States District Judge